UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 1 9 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|   |   |
|---|---|
| Melinda McKinzie, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0991** |
| ) | |
| Double Tree Suites (WDC) *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a District of Columbia resident suing Double Tree Suites located in the District, its purported parent company in Florida, and a list of other defendants located in the District and Palm Beach, Florida. Plaintiff sues defendants for injuries she allegedly suffered as a result of their "negligent, wrongful, false and malicious acts" on May 18, 2009, Compl. ¶ 2, and she demands $1.5 million in damages. *Id.* ¶ 1. The complaint presents neither a federal question

nor a basis for diversity jurisdiction because plaintiff and some of the defendants reside in the District. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citations omitted).[1] A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ellen S. Huvelle
United States District Judge

Date: June 12, 2012

---

[1] Plaintiff's recourse may lie, if at all, in the Superior Court of the District of Columbia.